UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES ANTHONY TAYLOR, | |
| Petitioner, | |
| v. | CAUSE NO. 3:25-CV-469-TLS-JEM |
| WARDEN, | |
| Respondent. | |

**OPINION AND ORDER**

Charles Anthony Taylor, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for felony murder and attempted robbery under Case No. 45G03-1403-MR-3. Following a jury trial, on June 2, 2017, the Lake Superior Court sentenced him as a habitual offender to 147 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Taylor asserts that State post-conviction proceedings remain pending, and he asks the court to stay this case pending resolution of the State proceedings. However, review of the electronic docket for the State courts reveals that these proceedings have already concluded.[1] Specifically, Taylor initiated State post-conviction proceedings in the Lake Superior Court in Case No. 45G03-1812-PC-24. On July 21, 2023, the Lake Superior Court denied post-conviction relief. In August 2023, Taylor filed notices of appeal with the Lake Superior Court, which rejected the notice because he had filed it in the wrong court and advised Taylor that he needed to send it to the Indiana Court of Appeals. On August 24, 2023, Taylor filed a notice of

---

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

appeal with the Indiana Court of Appeals, initiating Case No. 23A-PC-2028. However, on February 1, 2024, the Indiana Court of Appeals dismissed the case, finding that the notice of appeal was untimely and that Taylor had not submitted a timely brief.

Based on this sequence of events, it appears that a stay would be unnecessary because State post-conviction proceedings are no longer pending for Taylor. Further, it appears that the habeas petition is untimely. The statute of limitations for habeas petitions states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Taylor was sentenced on June 2, 2017, and his direct appeal culminated in the Indiana Supreme Court's denial of transfer on May 17, 2018.

2

Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on August 15, 2018. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (explaining that when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). 114 days later, on December 7, 2018, Taylor initiated post-conviction proceedings that culminated in the Lake Superior Court denying relief on July 21, 2023. The federal limitations period expired 251 days later on March 28, 2024. Taylor did not file the petition in this habeas case until May 28, 2025. ECF 1. Because Taylor filed the habeas petition more than fourteen months too late, the court is inclined to find that the claims are untimely.

Taylor's efforts on post-conviction appeal also suggest that the claims are procedurally defaulted. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

In the petition, Taylor asserts claims of ineffective assistance of appellate and trial counsel. ECF 1. According to the State docket, he did not raise any ineffective assistance claims on direct appeal. And, on post-conviction review, he did not pursue a timely appeal of the denial

3

of his petition and never pursued a transfer to the Indiana Supreme Court. Consequently, it appears that Taylor's claims are also procedurally defaulted.

The court observes Taylor's pro se status, his apparent misunderstanding of his State court proceedings, and the seriousness of the challenged conviction and sentence. In an abundance of caution, the court will allow Taylor an opportunity to address these procedural concerns before it decides whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4.

As a final matter, Taylor has not resolved his filing fee status. To proceed with this case, Taylor must either pay the filing fee in full or submit a signed and completed motion to proceed in forma pauperis with his ledgers for the last six months attached.

For these reasons, the court:

(1) ORDERS Charles Anthony Taylor to file a response to this Order on whether the petition is untimely and procedurally defaulted by July 17, 2025;

(2) ORDERS Charles Anthony Taylor to resolve his filing fee status by July 17, 2025; and

(3) CAUTIONS Charles Anthony Taylor that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on June 20, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT