UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CHARLES ANTHONY TAYLOR,

    Petitioner,

    v.      CAUSE NO. 3:25-CV-469-TLS-JEM

WARDEN,

    Respondent.

**OPINION AND ORDER**

Charles Anthony Taylor, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for felony murder and attempted robbery under Case No. 45G03-1403-MR-3. Following a jury trial, on June 2, 2017, the Lake Superior Court sentenced him as a habitual offender to 147 years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

On June 20, 2025, the court found that the federal limitations expired on March 28, 2024, but that Taylor did not file the habeas petition until May 28, 2025. ECF 2. The court also found that Taylor had not raised his habeas claims on direct appeal and that his post-conviction appeal was dismissed because the notice of appeal was untimely, which suggests that his habeas claims were procedurally defaulted. *Id.* Consequently, the court ordered Taylor to explain why his petition should not be dismissed as untimely and procedurally defaulted. *Id.*

In response, Taylor represents that, on post-conviction appeal, he relied on legal assistance from another inmate but that they were quickly separated. ECF 4. According to the response, he was placed in restrictive housing during the last six months of 2024 and then

transferred to a new facility. *Id.* Taylor represents that he filed motions seeking extensions of time and stays with the Indiana Court of Appeals but that the appellate court nevertheless dismissed his appeal for failure to file a timely notice of appeal and failure to file a timely brief. *Id.* According to an exhibit, his notice of appeal was untimely because he had initially submitted it to the wrong court. ECF 4-1 at 1.

Taylor's unsuccessful efforts to comply with appellate procedures are unfortunate, but they do not explain why he did not file a habeas petition in federal court before the limitations period expired in March 2024 or why he waited until May 2025 to file it. Preparing a habeas petition is generally simpler than preparing an appellate brief, and this is even more true when considering the availability of the court's form petition. *See, e.g.*, ECF 1 (petition on court form); Ind. R. App. 46 (contents of appellate briefs). Further, the State court docket reflects that he was able to submit court filings during the critical time before the limitations period expired.[1] Understandably, it may not have occurred to Taylor to file a habeas petition before the Indiana Court of Appeals dismissed his appeal, but a pro se litigant's misunderstanding of the law is not sufficient to excuse the untimely nature of a habeas petition. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to pro se habeas corpus petitioners.").

---

[1] Pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/. *See* Fed. R. Evid. 201. The relevant State court proceedings here are Case No. 45G03-1812-PC-24 and Case No. 23A-PC-2028.

Taylor's explanation also does not fully account the thirteen-month delay between February 1, 2024, the date on which the Indiana Court of Appeals dismissed his post-conviction appeal, and May 28, 2025, the date on which he filed the habeas petition. *See Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (explaining that petitioners must demonstrate reasonable diligence throughout the limitations period until the habeas petition is filed for equitable tolling). Therefore, the court finds that the habeas petition is untimely and that Taylor has not asserted a valid basis to excuse the untimely nature of the habeas petition.

Additionally, Taylor's post-conviction appeal narrative does not include a valid excuse for procedural default. Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025–26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

Notably, the State appellate court provided two bases for procedural default: the failure to file a timely notice of appeal and the failure to submit a timely appellate brief. Taylor's explanation addresses his inability to submit a timely appellate brief to some degree, but it does not address the failure to file a timely notice of appeal. Understandably, Taylor may not have known that he sent his initial notice of appeal to the wrong court until it was too late to file a timely notice of appeal with the Indiana Court of Appeals. However, a pro se litigant's misunderstanding of the law is also not a valid basis to excuse procedural default. *See Davila v. Davis*, 582 U.S. 521, 524–25 (2017) (declining to recognize ineffective assistance of counsel to

3

excuse procedural default on post-conviction appeal); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) ("[A] habeas petitioner's pro se status does not constitute adequate grounds for cause."). Therefore, the court finds that the petition is procedurally defaulted and that Taylor has not asserted a valid excuse for procedural default.

Based on the foregoing, the court will dismiss the habeas petition because the claims are untimely and procedurally defaulted. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling or for encouraging Taylor to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) because it is untimely and procedurally defaulted;

(2) DENIES Charles Anthony Taylor a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

So ORDERED on August 11, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
